# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**BOARDS OF TRUSTEES OF OHIO
LABORERS' FRINGE BENEFIT
PROGRAMS,**

      **Plaintiff,**

                             **Case No. 2:19-cv-5339**
                             **Judge Edmund A. Sargus, Jr.**
    **v.**                         **Magistrate Judge Chelsey M. Vascura**

**S & D TRAFFIC CONTROL, LLC,**

      **Defendant.**

## <u>REPORT AND RECOMMENDATION</u>

On May 6, 2020, the Court granted Plaintiff's motion seeking an order requiring Defendant to show cause why it should not be held in contempt for failure to comply with this Court's February 7, 2020 Order that Defendant appear for deposition through an authorized officer and respond to Plaintiff's written discovery. (ECF No. 19.) The Court therefore ordered Defendant and Defendant's authorized officer, Susan Gentil, to appear before the undersigned and show cause why it should not be held in contempt at a date and time to be separately noticed. (*Id.*) The Court further advised Defendant that as a corporation, it could only proceed through licenced counsel. On July 12, 2021, the Court issued a Notice of Hearing, setting this matter for a Show Cause Hearing on July 27, 2021. (ECF No. 22.) Plaintiff's counsel appeared at the July 27, 2021 show cause hearing, but neither Defendant nor Defendant's authorized representative appeared.

Federal Rule of Civil Procedure 37(b)(2) sets forth a laundry list of sanctions for failure to comply with a discovery order, including "treating as contempt of court the failure to obey any

order except an order to submit to a physical or mental examination."  Fed. R. Civ. P. 37(b)(2)(A)(vii).

Based upon Plaintiff's Motion for an Order for Defendant and its Member Susan Gentil to Appear and Show Cause Why They Should Not be Held in Contempt of this Court's February 7, 2020 Order (ECF No. 19), the undersigned finds that Defendant has violated the Court's February 7, 2020 Order (ECF No. 14) by failing to appear for deposition through an authorized officer and respond to Plaintiff's written discovery.  It is therefore **RECOMMENDED** that Defendant be held in contempt and that a fine of **$100.00 PER DAY** be imposed on Defendant until it complies with the Court's Order to produce responses to Plaintiff's written discovery and appear for deposition through an authorized representative.  It is further **RECOMMENDED** that Defendant be ordered to pay the attorney's fees and costs Plaintiff reasonably incurred in connection with its motion for a show cause hearing.  Finally, it is **RECOMMENDED** that these sanctions *not* be imposed should Defendant comply with the Court's February 7, 2020 Order (ECF No. 14) within the time allowed for objections to this Report and Recommendation (fourteen days).

The United States Marshal is **DIRECTED** to serve this Report and Recommendation on Defendant by personal service.  The Clerk is **DIRECTED** to send a copy of this Report and Recommendation via regular and certified mail to S&D Traffic Control, LLC c/o Susan Gentil, 7151 Township Road 87, Thornville, OH 43076.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with

supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE