UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BOARD OF TRUSTEES OF THE OHIO**
**LABORERS' FRINGE BENEFIT PROGRAMS,**

    **Plaintiffs,**      Case No. 2:19-cv-5339
               **JUDGE EDMUND A. SARGUS, JR.**
v.               Magistrate Judge Chelsey M. Vascura

**S & D TRAFFIC CONTROL, LLC,**

    **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Default Judgment (ECF No. 44), which is unopposed and hereby **GRANTED**. The Clerk entered default against Defendant S&D Traffic Control, LLC on February 4, 2020. (ECF No. 12.)

### I.

Plaintiffs are the fiduciaries of three employee benefit plans—the Ohio Laborers' District Council – Ohio Contractors' Association Insurance Fund, the Laborers' District Council and Contractors' Pension Fund of Ohio, the Ohio Laborers' Training and Apprenticeship Trust Fund – and one labor-management cooperative trust known as Ohio Laborers' District Council – Ohio Contractors' Association Cooperation and Education Trust ("Plans"). (Gaston Dec. at ¶ 3.) The Plans are multiemployer plans and are collectively known as the "Ohio Laborers Benefits," and maintain their principal office and place of business at 800 Hillsdowne Road, Westerville, Ohio 43081. (*Id*. at ¶ 4.) The Plans also collect contributions on behalf of three national labor-management cooperative trusts referred to as the LIUNA Tri-Funds. (*Id*. at ¶ 5.)

Defendant S&D Traffic Control, LLC maintains its principal place of business in Thornville, Ohio. Defendant is an "employer" in "commerce" or "affecting commerce" within

the meaning of 29 U.S.C. § 1002(5), 29 U.S.C. § 1002(1), and 29 U.S.C. § 1002(12), and within the meaning of 29 U.S.C. § 152(2), 29 U.S.C. § 152(5), and 29 U.S.C. § 152(7). (Gaston Dec. at ¶ 6.) Laborers' District Council of Ohio and its local affiliates are labor organizations affiliated with the Laborers' International Union of North America. (*Id*. at ¶ 7.) Defendant and Laborers' District Council of Ohio are signatory to a Heavy Highway Agreement (HHW Agreement), and Defendant and Laborers' International Union of North America are signatory to National Distribution Agreement (attached as Ex. 3, National Distribution Agreement) ("Agreements"). (*Id*. at. ¶ 8.) Defendant was at all times relevant bound to the Agreements, and by virtue of executing them, the Declarations of Trust establishing the Plans and the LIUNA Tri-Funds. (*Id*. at ¶ 9.)

The Agreements, the Declarations of Trust, and the Plans obligated Defendant to file monthly contribution reports, permit audits of its financial records, and make hourly contributions to the Plans and the LIUNA Tri-Funds on behalf of all persons as defined in the Agreements. (*Id*. at ¶ 10.) These Governing Documents authorize Plaintiffs to conduct an audit of financial records, collect delinquent contributions, and assess and collect liquidated damages where an employer like Defendant fails to timely remit required contributions and deductions. (*Id*. at ¶ 11.)

Defendant employed laborers who performed work covered by the Agreements. (*Id*. at ¶ 12.) The Agreements required Defendant to pay contributions at specified rates on behalf of its employees for each hour worked in covered employment. (*Id.*) All contributions are due the 15th day of the month following the month in which employees performed work in covered employment. (*Id.*)

Defendant failed to make contributions timely to the Plans for the months of September 2018 through November 2018, as required by the Agreements entered into by Defendant and pursuant to the Trust Agreements covering the various Plans. (*Id*. at ¶ 13.) Under such circumstances, the Agreements adopted by Defendant provide for unconditional assessment of liquidated damages in the amount of 10% of the late principal contributions, plus 1% interest per month on late contributions. (*Id*. at ¶ 14; HHW Agreement, Article IX, p. 27; National Distribution Agreement, Article XII, p. 14.)

Defendant failed to make contributions for the months of September 2018 through November 2018 totaling $17,459.00 (Gaston Dec. at ¶ 15.) The 10% charge imposed upon delinquent contributions generally is related to the scope of Plaintiffs' administrative losses caused by late payments, though precise computations of such costs would be most difficult, if not impossible. (*Id*. at ¶ 16.) The Plans calculated the amount of liquidated damages due upon said untimely contributions to total $1,745.90, and assessed 1% interest per month on late contributions. (*Id*. at ¶¶ 17-18.)

## II.

Rule 55 of the Federal Rules of Civil Procedure governs default judgment. Once a default is entered under Rule 55(a), the defendants are considered to have admitted all of the well-pleaded allegations in the complaint. While a plaintiff's well-plead allegations have established liability, it "must still establish the extent of damages." *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) (internal citations omitted).

Rule 55(b) provides that a district court "may" hold a hearing on a motion for default judgment when necessary to "conduct an accounting," or "determine the amount of damages." In other words, the Rule, "by its terms, allows but does not require the district court to conduct an

evidentiary hearing." *Vesligaj v. Peterson*, 331 F. App'x 351, 354 (6th Cir. 2009) (citing *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989) ("[I]t was not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in a default judgment.")).

### III.

Plaintiff has shown with the evidence presented to this Court that the Agreements require Defendant to pay contributions to the Plans monthly, typically by the 15th day of the month following the month its employees performed work. (Gaston Dec. at ¶ 12; HHW Agreement, Article IX, p. 27; Ex. 3, National Distribution Agreement, XII, pp. 12-13.) Defendant failed to make timely contributions. (Gaston Dec. at ¶¶ 13, 15

**A.     Damages**

In the Sixth Circuit, trust funds may obtain double interest and liquidated damages pursuant to the collective bargaining agreement arising from delinquent contributions. *Michigan Carpenters Council Health and Welfare Fund v. C.J. Rogers, Inc.,* 933 376, 390 (6th Cir. 1991) ("[A] fund has a valid claim for late payment and/or audit damages pursuant to its collective bargaining agreement with defendants, not covered by section 1132(g)."). When a contractor, such as Defendant, fails to make contributions in a timely manner, the Agreements adopted by Defendant provide for liquidated damages in the amount of 10% of the late principal contributions, plus 1% per month on late contributions. (HHW Agreement, Article IX, p. 27; National Distribution Agreement, Article XII, p. 14.)

Because Defendant failed to make any contributions for hours worked in September 2018 through November 2018, the Plans assessed 10% liquidated damages in the amount of

4

$1,745.90, plus interest at the rate of 1% per month, i.e., $8,689.72 to date, plus 1% per month after August 5, 2022. (Gaston Dec. at ¶¶ 17-18.)

**B.     Attorney Fees**

Plaintiff asks for attorney fees pursuant to the Employee Retirement Income Security Act of 1974, § 1132 *et seq.* ("ERISA"). Section 514 of ERISA, 29 U.S.C. § 1145 provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

Defendant is obligated to make contributions to a multiemployer plan under the terms of the Agreements. As noted above, Defendant was required to make contributions by the 15th day of the month following the month in which employees performed work in covered employment. Defendant failed to make such contributions in a timely manner. When a contractor, such as Defendant, fails to make contributions in a timely manner, the Agreements subject such a delinquent contractor to all collection costs, including attorney's fees." (HHW Agreement, Article IX, p. 27; Ex. 3, National Distribution Agreement, Article XII, p. 14.)

Similarly, Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), provides, in part:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan—
>
> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of—
>
>> (i) interest on the unpaid contributions, or
>>
>> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

5

(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

(Emphasis added.) The Sixth Circuit has found that reasonable attorney fees are mandatory where there is a judgment in favor of a fiduciary who is enforcing the payment of plan contributions pursuant to a collective bargaining agreement. *See e.g., Building Service Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392 (6th Cir. 1995)

Accordingly, the Court finds in the instant action that Defendants are required to pay reasonable attorneys' fees and costs pursuant to the Agreements and Section 502(g)(2) of ERISA. Plaintiffs are directed to file a Motion for Attorney's Fees and Costs under S.D. Ohio Civ. R. 54.2(a) once judgment is entered in their favor.

## IV.

This matter is before the Court on Plaintiff's Motion for Default Judgment (ECF No. 44), which is unopposed and hereby **GRANTED**. The Clerk is **DIRECTED** to **ENTER JUDGMENT** in favor of Plaintiff for **$27,894.62**, which is the total of the following:

> Principal: $17,459.00
> Liquidated Damages: $1,745.90
> Interest: $8,689.72

Plaintiffs are **DIRECTED** to file their motion for attorney fees once judgement in their favor is entered.

**IT IS SO ORDERED.**

**10/28/2022**                           **s/Edmund A. Sargus, Jr.**
**DATE**                               **EDMUND A. SARGUS, JR.**
                                            **UNITED STATES DISTRICT JUDGE**